(Reap. Dec. 9693)

AMERICAN IMPORT & EXPORT CO. *v.* UNITED STATES

Entry No. 765930.

(Decided May 3, 1960)

*Daniel B. Rosensweig* for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Daniel I. Auster,* trial attorney), for the defendant.

LAWRENCE, Judge: This appeal for a reappraisement filed pursuant to the provisions of section 501 of the Tariff Act of 1930 (19 U.S.C. §1501) controverts the value found by the appraiser on an importation of vacuum brushes with torch heads, which were invoiced at 54 cents each.

When this case was called for hearing, defendant conceded that 39 cases of the 200 cases comprising the importation were in a defective condition upon arrival in the United States, in view of which fact it was admitted that the correct value for appraisement purposes for the vacuum brushes with torch heads contained in case numbers: 43, 27, 16, 51, 196, 184, 31, 151, 108, 66, 76, 173, 164, 182, 102, 49, 179, 145, 132, 78, 110, 129, 40, 148, 188, 58, 98, 150, 4, 200, 64, 186, 126, 80, 120, 108, 50, 83, and 157 is 30 cents each, packed, for the household utensils, and 4 cents each, packed, for the flashlight parts.

It was agreed that the applicable basis of value for the above-enumerated 39 cases was export value, and that there was no foreign value.

As to the remaining 161 cases comprising the importation, Daniel B. Rosensweig, a partner in the plaintiff company, importer herein, was sworn as a witness. The substance of his testimony is that the 161 cases were released from customs custody and were delivered to different merchants in New York City. Subsequently, upon receipt of complaints from the customers that the goods were in a defective condition, Rosensweig went to the place of business of the various concerns and examined the cases at random. He frankly admitted that he did not check all of the cases but stated that he had examined between 30 and 40 cases, all of which he found to be defective.

In view of the fact that the 161 cases were released from customs custody and the indefiniteness of the evidence as to the subsequent discovery of defects in the merchandise, the court is of opinion that plaintiff herein has failed to overcome the presumption of cor-

rectness attaching to the value of the merchandise in said 161 cases, as found by the appraiser.

Upon the record before the court, the following findings of fact are made—

1. That the instant merchandise consists of 200 cases of vacuum brushes with torch heads, which were invoiced at 54 cents each.

2. That as to the 39 cases enumerated in paragraph 2 of the decision, said merchandise was received in a defective condition and the value applicable thereto is 30 cents each, packed, for the household utensils, and 4 cents each, packed, for the flashlight parts, predicated on the basis of export value.

3. As to the balance consisting of 161 cases, plaintiff has failed to overcome the presumption of correctness attaching to the appraiser's action.

As conclusions of law, the court holds—

1. That export value, as that value is defined in section 402(d) of the Tariff Act of 1930 (19 U.S.C. §1402(d)), is the proper basis of value for the vacuum brushes with torch heads contained in the cases numbered: 43, 27, 16, 51, 196, 184, 31, 151, 108, 66, 76, 173, 164, 182, 102, 49, 179, 145, 132, 78, 110, 129, 40, 148, 188, 58, 98, 150, 4, 200, 64, 186, 126, 80, 120, 108, 50, 83, and 157.

2. That as to the merchandise contained in those cases said value is 30 cents each, packed, for the household utensils, and 4 cents each, packed, for the flashlight parts.

3. As to the merchandise contained in the remaining 161 cases covered by this appeal for a reappraisement, the proper value thereof is the value found by the appraiser.

Judgment will issue accordingly.